BROOKS R. BROWN (SBN 250724)
bbrown@goodwinlaw.com
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC 20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444

LAURA A. STOLL (SBN 255023)
LStoll@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

Attorneys for Defendant
ROCKET MORTGAGE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| AMY WILEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROCKET MORTGAGE, LLC,<br><br>　　　　　Defendant. | Case No. 5:23-cv-00305<br><br>**NOTICE OF REMOVAL**<br><br>Date:　TBD<br>Time:　TBD<br>Ctrm:　TBD<br>Judge:　TBD |

Rocket Mortgage, LLC ("Rocket Mortgage") hereby removes the above-captioned action, which is currently pending in California Superior Court, Riverside County as Case No. CVMC2300198, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), as authorized by 28 U.S.C. §§ 1441 and 1446. As grounds for removal, Rocket Mortgage states as follows:

## BACKGROUND[1]

1. On January 13, 2023, Plaintiff Amy Wiley (hereinafter "Plaintiff") filed the Complaint ("Compl.") in this lawsuit against Rocket Mortgage in California Superior Court, Riverside County (the "State Court Action").

2. On January 24, 2023, Plaintiff served Rocket Mortgage, through its registered agent, with the Summons and Complaint. Attached hereto as Exhibit A is a copy of all process and pleadings served upon Rocket Mortgage in the State Court Action, including the Complaint, as of the date of this removal.

## PLAINTIFF'S ALLEGATIONS

3. The Complaint purports to a single count for alleged violations of the Telephone Consumer Protection Act ("TCPA"), specifically 42 U.S.C. § 227(a)(1).

4. Plaintiff's TCPA claim arises out of her generic assertions that Rocket Mortgage called her cell phone without her consent, used an Automatic Telephone Dialing System ("ATDS") in placing the calls and left her voicemails using an "artificial or prerecorded voice" message. Compl. ¶¶ 4-12

5. As relief, Plaintiff seeks (1) statutory damages under the TCPA, (2) trebled damages for each and every willful and knowing violation; (3) any other relief that the Court deems proper. Compl. 3-4.

---

[1] The facts set forth in this Notice are based on the allegations in the Complaint and Rocket Mortgage's good faith understanding of them, and are solely for removal purposes. Rocket Mortgage does not admit to any facts alleged in the Complaint by way of this removal, and expressly reserves its right to deny and challenge all allegations and claims in the Complaint.

# REMOVAL IS PROPER UNDER 28 U.S.C. § 1441
# (FEDERAL QUESTION JURISDICTION)

6. Rocket Mortgage is removing this matter pursuant to 28 U.S.C. § 1441(a), which provides that a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." This Court has original federal question jurisdiction over this matter because it is a civil action "arising under the . . . laws . . . of the United States." 28 U.S.C. § 1441.

7. Plaintiff purports to state a claim against Rocket Mortgage for violation of the TCPA, a federal law. The federal question requirement of 28 U.S.C. § 1331 is therefore satisfied because Plaintiff's alleged right to relief was created by federal law. Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (stating that TCPA contains a federal right of action and contemplating removal of TCPA claims to federal court).

# THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

8. <u>Removal to Proper Court</u>. Pursuant to 28 U.S.C. §§ 1446(a) and 1446(d), Rocket Mortgage filed this Notice of Removal in the United States District Court for the Central District of California, which is the "district court of the United States" embracing the place where the State Court Action was filed. Therefore, the State Court Action was removed to the proper court.

9. <u>Removal is Timely</u>. This removal is timely under 28 U.S.C. § 1446(b)(1) because Rocket Mortgage removed the State Court Action within thirty (30) days of service of the Complaint on Rocket Mortgage. See 28 U.S.C. § 1446(b)(1). Rocket Mortgage was served with the Complaint on January 24, 2023. Therefore, this Notice of Removal is timely because it is filed within 30 days as required by 28 U.S.C. § 1446(b).

10. <u>Signature</u>. The Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

11. <u>Pleadings and Process</u>.  Attached hereto as **Exhibit A** is a copy of all process, pleadings, and orders served upon Rocket Mortgage in the State Court Action as of the date of this removal.  See 28 U.S.C. § 1446(a).

12. <u>Notice to Adverse Parties and State Court</u>.  Attached hereto as **Exhibit B** is a copy of the Notice to Adverse Parties and State Court, without exhibits, which Rocket Mortgage will promptly file with the Clerk of the Superior Court for Riverside County, California and serve upon Plaintiff's counsel.  See 28 U.S.C. § 1446(d).

13. <u>Bond and Verification</u>.  Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal.  Pursuant to Section 1016 of the Act, this Notice need not be verified.

14. <u>Filing Fee</u>.  Rocket Mortgage has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

## **CONCLUSION**

15. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and the claim may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

16. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Rocket Mortgage requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, this action should proceed in the United States District Court for the Central District of California, as an action properly removed hereto.

Respectfully submitted,

Dated:  February 23, 2023         By:   /s/ Laura A. Stoll
                                                        BROOKS R. BROWN (SBN 250724)
                                                        *BBrown@goodwinlaw.com*
                                                        LAURA A. STOLL (SBN 255023)
                                                        *LStoll@goodwinlaw.com*

**GOODWIN PROCTER LLP**

Attorneys for Defendant:
ROCKET MORTGAGE, LLC

# PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is: My business address is 601 South Figueroa Street, 41st Floor, Los Angeles, California, 90017.

On **February 23, 2023**, I served the following document(s) on the person(s) below as follows:

## NOTICE OF REMOVAL

| | |
|---|---|
| Todd M. Friedman (SBN 216752)<br>Adrian R. Bacon (SBN 280332)<br>LAW OFFICES OF TODD M. FRIEDMAN, P.C.<br>21031 Ventura Blvd., Suite 340<br>Woodland Hills, CA 91364 | Counsel for Plaintiff: *Amy Wiley*<br>Tel.: 323-306-4234<br>Fax: 866-633-0228<br>tfriedman@toddflaw.com<br>abacon@toddflaw.com |

☒  (E-MAIL or ELECTRONIC TRANSMISSION). By electronic service on February 23, 2023. My electronic service address is JQuintana@goodwinlaw.com. Based on a court order or an agreement of the parties to accept electronic service, I caused the document(s) to be sent to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **February 23, 2023**, at Los Angeles California.

Jhemari Quintana
(Type or print name)

(Signature)